**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  00-cr-00482-REB-04

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4.  ANTHONY MARTINEZ,

    Defendant.

## ORDER DENYING DEFENDANT'S DEFECTIVE INDICTMENT MOTION

**Blackburn, J.**

The matter before me is defendant's **Defective Indictment Motion** [#612][1] filed November 7, 2005.  Because defendant is proceeding *pro se*, I have construed his motion more liberally and generously than a motion prepared by an attorney.  *See Erickson v. Pardus*, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). On July 8, 2009, the government filed a response [#647].[2] I deny the motion.[3]

Having judicially noticed all relevant adjudicative facts in the file and record of

---

[1] "[#612]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] The government's response is contained within **Government's Answer To Show Cause** [#647] at 3-13.

[3] The issues raised by and inherent to defendant's motion are briefed sufficiently; thus, obviating the necessity for evidentiary hearing or oral argument.

this action as developed *pro tanto*; having considered carefully all facts presented, reasons stated, arguments advanced, and authorities cited by the defendant in his motion and the government in its response; and being otherwise sufficiently advised, I enter the following findings of fact, conclusions of law, and orders.

**FINDINGS AND CONCLUSIONS:**

Based on the extant record and the parties' papers, I find and conclude as follows: (1) that the indictment was not defective as claimed by the defendant, because the record establishes that the defendant was properly convicted of being an accessory after the fact to attempted bank robbery in violation of 18 U.S.C. § 3; (2) that the bank at issue, the Colorado East Bank and Trust, was insured at all relevant times by the FDIC, which was an agency of the United States Government; (3) that whether the defendant was aware at the time of the commission of the crime that the bank was insured By the FDIC is legally irrelevant; and that the other contentions and assertions of the defendant are imponderous or irrelevant. Thus, defendant's motion should be denied.[4]

**THEREFORE, IT IS ORDERED** that the defendant's **Defective Indictment Motion** [#612] filed November 7, 2005, is **DENIED**.

Dated July 14, 2009, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[4] In further support of my findings, conclusions, and orders, I approve, adopt, and incorporate the evidence presented, reasons stated, arguments advanced, and the authorities cited by the government in its **Government's Answer To Show Cause** [#647] at 3-13.